UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10901-RGS

ROLAND YARPAH

v.

UNITED STATES DEPARTMENT OF EDUCATION, et al.

ORDER

May 1, 2018

STEARNS, D.J.

For the reasons set forth below, the court (1) orders that the United States Marshals Service serve a copy of the Complaint and summons for the United States Department of Education on the United States Attorney General and the United States Attorney for the District of Massachusetts; and (2) denies without prejudice Plaintiff's request for a final decision on this case.

BACKGROUND

On May 15, 2017, *pro* se plaintiff Roland Yarpah (Yarpah) filed a Complaint against the United States Department of Education (DOE) and Kaplan Career Institute (Kaplan). (Dkt. #1). He also filed a motion for leave to proceed *in forma pauperis*. (Dkt. #2). In an order dated May 19, 2017,

the court granted Yarpah's motion for leave to proceed *in forma pauperis* and ordered that summonses issue. (Dkt. #5).

I. Court's Review of the Complaint

Prior to entering said Order, the court conducted a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Although Yarpah's pleading is not as clear as it could be, his claims can be discerned without speculation.

Yarpah alleges that he attended Kaplan and that the institution "falsely certified" his eligibility for a federal student loan to pay tuition. At some later point, Yarpah asked the DOE to discharge his loan on the basis of false certification by Kaplan.[1] In a letter dated March 1, 2017, the DOE denied Yarpah's application for false certification discharge. (Dkt. #1-1). In doing so, the DOE explained the meaning of "false certification":

> Under [certain federal loan programs], schools must certify that student borrowers who do not have a high school diploma or General Educational development (GED) have the ability to benefit from the training offered by the institution. False certification occurs, for example, if the school does not test a student's ability to benefit or conducts testing in an improper manner.[2]

---

[1] *See* 20 U.S.C. § 1087(c)(1) (providing for discharge of a federal student loan where "student's eligibility to borrow . . . was falsely certified by the eligible institution").

[2] The grades and length of high school transcript Yarpah submits with his complaint do not suggest that he receive a high school diploma. (Dkt. #1-1

(Dkt. #1-1 at 5). The DOE states that it rejected Yarpah's application for discharge because it had "reviewed information from entities responsible for overseeing the school's compliance with ability to benefit regulations, and has found no documentation of any violations during the time period of [his] enrollment." *Id.* The DOE did not suggest that it had undertaken any investigation or consideration of Kaplan's certification of ability to benefit with regard Yarpah in particular. The letter also informs Yarpah that he may file a lawsuit in a federal district court if he disagrees with the DOE's decision.

Viewing Yarpah's documents in their totality and crediting his well-pled allegations, the court can reasonably that Kaplan wrongfully certified to the DOE his ability to benefit from enrollment at Kaplan and that the DOE wrongfully denied his request for discharge of his federal student loan because of the false certification. Having received a final decision from the DOE on his loan discharge application, Yarpah could seek judicial review pursuant to the Administrative Procedures Act (APA). *See* 5 U.S.C. § 706(2). This statute permits a court to set aside agency action where it is "arbitrary

---

at 4-5). This document indicates that he attended ninth and tenth grade at a public high school in Lynn, Massachusetts from December 2003 through the end of the academic year in 2005, and that he began these studies when he was eighteen years old. *See id.* The transcript also notes that the school did not have "previous grades from Liberia." *Id.*

capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). Yarpah's failure to specifically identify his claim against the DOE as arising under the APA does preclude the court from assuming the nature of the claim. *See Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346-47 (2014) (per curiam).

This action has appears to share some of the issues raised in *Price v. U.S. Dep't of Educ.*, 209 F. Supp. 3d 925 (S.D. Tex. 2016), in which the court found that the DOE's decision not to discharge the debt of a student was arbitrary and capricious. The student had claimed that Phoenix University (University) had falsely certified her eligibility for a loan. The University allegedly told the student to lie on her admission application that she had received a high school diploma. The University did not administer and ability to benefit test. When she filed for a discharge of the loan, the DOE denied the request on a ground similar to that put forth in the DOE's letter to Yarpah: in the absence of an audit finding of improper loan eligibility certification practices, there is an inference that none were taking place. Adopting the magistrate judge's Report and Recommendation on the parties' cross motions for summary judgment, the court found that the DOE's decision not to discharge the loan was arbitrary capricious, an abuse of discretion, or otherwise not in accordance with the law. It found, *inter alia*,

that, "[r]ather than seek evidence from [the plaintiff]'s loan file at school, the agency focused exclusively on evidence 'from entities responsible for overseeing the school's compliance with ability-to-benefit regulations'— that is, program reviews and audits designed to uncover widespread or systemic ATB violations." *Id.* at 932 (quoting DOE's decision). The court ordered that the plaintiff be fully discharged from her federal loan and that receive a refund for wages that were garnished to pay her loan. *See id.* at 928; *see also Salazar v. Devos*, C.A. No. 14-01230-RWS (S.D.N.Y Aug. 9, 2017) (Dkt. #72) (approval of class action settlement of claims for discharge of federal student loans based on vocational school's false certification of students' ability to benefit). [3]

II. Procedural History

After Yarpah apparently encountered some difficulties with preparing the papers for service,[4] the United States Marshals Service ("USMS") served the DOE on November 14, 2017. (Dkt. #11). On November 15, 2017, the

---

[3] In discussing the *Price* case, which was decided on cross-motions for summary judgment, the court is not projecting a particular outcome for this case. The *Price* case simply is an example of a case in which a litigant pursued a claim with similarities to claim Yarpah is prosecuting.

[4] This action was closed on September 21, 2017, for failure to complete service. (Dkt. #7). The case was reopened on October 23, 2017, after the court was informed that Yarpah had been working with the USMS to prepare all documents necessary for service. (Dkt. #10).

5

USMS also served the summons for Kaplan at the Pennsylvania address that Yarpah had provided for the school. The officer who completed service noted that the entity's name had changed to Brightwood Career Institute and that the receptionist had accepted the papers. (Dkt. #12). Neither defendant has responded to the Complaint.

On April 26, 2018, Yarpah filed a request for a "final decision" on this case. (Dkt. #13). The court construes this document as a Motion for Default.

DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, "either proper service on or the general appearance of a defendant is a necessary condition for a valid default judgment." *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 433 (6th Cir. 2016); *see also Vazquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 4 (1st Cir. 2014) (voiding default judgment where service on defendant was insufficient; stating that "[i]t is common ground that a judgment rendered in the absence of personal jurisdiction is a nullity" and that "[t]he existence of such jurisdiction normally depends on legally sufficient service of process").

Here, it does not appear that service on either defendant was sufficient. Although the DOE appears to have been properly served, there is no indication on the docket that the United States Attorney General or the United States Attorney for the District of Massachusetts received a copy of the summons and Complaint, as required under Rule 4(i) of the Federal Rules of Civil Procedure.[5]

---

[5] This rule provides, in relevant part:

> **(1) *United States.*** To serve the United States, a party must:
> **(A) (i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.;
>
> . . . .
>
> **(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.*** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i).

It is also not clear that service on Kaplan was effective. As noted on the Return of Service submitted by the USMS, the service address Yarpah provided is now occupied by a business other than Kaplan, and the court cannot assume that Brightwood Career Institute is responsible for Kaplan's liabilities.

CONCLUSION

Accordingly:

1. The Motion for Default (or Motion for a Final Decision) (Dkt. #13) is DENIED WITHOUT PREJUDICE.

2. The Clerk shall deliver to the USMS copies of this Order, the Complaint, and the Summons issued for the DOE. The USMS shall promptly serve these documents on the United States Attorney General and the United States Attorney for the District of Massachusetts, in accordance with Rule 4(i)(1) of the Federal Rules of Civil Procedure, and with all costs to be advanced by the United States.

3. Once properly served, the DOE is required to respond to the Complaint as set forth in Rule 12(a)(2).

4. If Yarpah wishes to pursue a claim against Kaplan Career Institute, he must endeavor to discover the proper location and recipient for service on this entity. Once he has that information, he may file a motion for

the reissuance of summons as to this defendant. If he determines that Kaplan Career Institute is not the proper defendant, he may move to amend the Complaint to name the proper party.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE